Good morning, Your Honors. May it please the Court, my name is John Vannucci. I represent Appellant Alexander Yin, who is present, and with my associate, Ms. Giacona. Today I would like to address first the coverage issues and explain why in this context, in this policy, the term resident of your household is ambiguous and should be construed in accordance with the reasonable expectation of the insured and against Allstate. Then I would also like to address the district court's dismissal of plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing, based largely on the court's parsing of the complaint with hearsay testimony from the underlying month-long trial that I tried in 2011 and also based on the litigation privilege. Would you explain why the phrase your household is ambiguous? Yes, Your Honor. In this case, because the oh, did I mention I would like to reserve? I'm not sure how that works. I apologize. Okay. Just watch the clock. Okay. We'll track you in time. In California, it is clear that an ambiguity, it's the St. Paul Fire and Marine Insurance Company, and that's the appellate court case. When you're analyzing an ambiguity in an insurance context, it says to determine a phrase, if it's ambiguous or not, the analysis is we look at the context of this insurance policy within the context of these facts. And the analysis is through the expectations of a reasonable person standing in the shoes of the insured. And this is emphasized, both thises is emphasized in the original, so it's specific. In California So the other side, the other side argues Jacobs v. Fire Insurance Exchange says straight out, the term household is unambiguous. In that context, it is. And that's why in California it's so important that we have the law under civil code, section 1641 in all the case law going back 100 years, that when you're interpreting any contract, including insurance contact, you cannot excise a phrase and look at it in a vacuum. You take all the terms together. The Jacobs case So what, your, the phrase your household seems to be even less ambiguous than the word household. It could be less ambiguous, and that's true. When you make it bigger, and this is actually the phrase is resident of your household. The Jacobs court itself said many courts, and the Jacobs court is a Cal App case. That court itself said many other courts have held that the term household has no inherent individual meaning, and then it cites five cases, including the California Supreme Court in Ireland. And then it says other cases have held that the term household is not ambiguous, and then it cites five more cases. And no, it's five more appellate court cases, and then it says we agree with the former. But here's the difference. In this case that we have here, the term household is referencing a place that is not the insured premises in a homeowner's policy. And in the homeowner's policy, the insured premises, which it is undisputed, is Peabody, where Erlinda Ipac does not live, and where Richard Pira, the defendant, the underlying defendant, lived, it's undisputed. The policy defines. It says insured premises means residence premises. So in this case, in any analysis of residence, including resident of your household, you necessarily have to be analyzing the Peabody residence. So she wasn't the insured person on the declaration page, Mrs. Ipac, was not actually residing there, is that correct? She testified that she didn't reside there. She didn't. So her presentation to the insurance company was apparently incorrect, right, because the homeowner's policy was for your primary residence and it wasn't her residence. I don't know if it's the case. So if that was so, there doesn't seem to be any dispute that she wasn't residing there, correct? That's correct, Your Honor. There's no dispute that she was not residing there. However, there was no requirement that the insured premises is her primary residence. That is not a requirement of that policy. Allstate knew she had the Westgate policy seven months before that she purchased that property and she had liability coverage there. Allstate also knew that she bought this policy. It's not disputed that Richard Pera lived at Peabody and that Linda Ipac lived at Westgate. So Jacob says that household, the term household broadly defined as a collection of persons, whether related or not, who live together as a group or unit of permanent or domestic character under one roof or within a common curtilage who direct their attention toward a common goal consisting of their mutual interest. So is that definition wrong in your view or is that definition applicable to the case here? That definition, Your Honor, is right in the Jacobs case. And in the Jacobs case, it was clear that the household they were analyzing was the insured property. And so that is not right. Here's what I think is missing from the California law. I'm going to ask both counsel the same question. I can't find a case in California where California, a California court has said that on a homeowner's policy, the person who resides in the subject premises and is on the title, so is a homeowner and full-time resident there, isn't an insured. In other words, where the homeowner isn't named insured on the homeowner's policy. That seems to me new and different. In Jacobs, the grandson lived in one half of a duplex. Grandmother, who actually owned the premises, lived in the other half of the duplex. So the grandson wasn't an insured. But they didn't say that grandma wasn't an insured. Of course. So in Cole House, mom owned a home but lived somewhere else. Her adult daughter resided on the premises but was not on the title. And the adult daughter was not insured. Correct. Okay. And then in Island, there's a named insured who's on the title and lives in the home. And the question was whether an adult son who was away in the services, whether he was covered. So those are all different. And what I understood your brief to be arguing about when you said California says you have to look at that definition from Jacobs, which I think is absolutely unambiguous, but has to be looked at in context. So I'm looking for a case where California has said that the individual who owns the home is on the title and lives there, is not covered under a homeowner policy. There is none, Your Honor. And that's our point. And that's why it's ambiguous in this context. There has never been a case in California of published decision saying that the homeowner, which is what we have here, is not the insured on a homeowner's policy. This is not an auto policy. So you have this observed result under all States' analysis and under the trial court's ruling here that the homeowner's policy, there's no insured in that home. Okay. Because there cannot be a household there. There cannot be a household at Peabody. So the roof that they're referencing when Jacobs says under one roof, the roof in their analysis is not the insured roof, not the roof that you get paid for if there's a fire. It's a roof across town on Westgate that's referenced nowhere in the policy. So here's a different problem. If the father, Richard. Richard, yes. If Richard is an insured under the policy, let's say he is, then Andrew is, too, and this policy excludes criminal conduct. He would not, because Andrew did not reside there. Andrew would not be on the policy. He would not be on the title. Well, wait a minute. Andrew lived at Westgate with Grandma. Well, sometimes he did. But anyways, look, the definition of insured, if Richard's an insured, Andrew is certainly his relative. That's his son. But it came out, and this is why they switched gear. That was their original defense. And all State thought he was all State thought Richard Pirro was part of the household, and they wouldn't have defended the underlying case. They wouldn't have filed this declaratory relief action, citing language that you're talking about, the intentional acts exclusion, and about the occurrence language and all this other policy language, and completely left out resident of your household. It's nowhere in this declaratory relief action. They switched gears because the discovery in this case made it very 100 percent clear that Andrew lived at Westgate, Richard lived at Peabody. We're only talking about the Peabody policy. I recognize we're only talking about Peabody. I'm still trying to figure out how you're going to – I mean, I've asked the question. Maybe you've given it your best shot. No. If Richard's an insured, your position is still that you think that Andrew is not. Andrew is not because Andrew is not a resident at Peabody. Are you saying that as a matter of fact or? As a matter of fact and as a matter of fact, in this case, it's been firmly established that Andrew is not a resident of Peabody, so he is not a resident of your household. So just to be clear, when you keep saying is in the present tense, you do mean as of the day of the shooting. I'm sorry. As of – yes. And currently, because the house is sold. But no. You've answered my question. What's relevant is, of course, in March 17, 2005, Andrew Pirro was living with grandma, Orlinda Apac, at Westgate, and Richard Pirro was living at Peabody, the insured premises. And now what we have with this new argument that's come up on summary judgment six years after this case was filed, when it became clear that Andrew Pirro did not live at Richard Pirro's residence at Peabody, therefore, he would not vitiate coverage because he would not be an insured to have an intentional act of any insured to vitiate coverage, the state changed gear and said, wait a minute, Richard Pirro, even though we said in our reservation of rights letter, you're the insured, you're actually not. Is it your position, then, that any person who has a homeowner's insurance policy, whether they live at that house or not, that house constitutes that insured person's household? No. Is that your position? No, Your Honor. And again, and that's what's going on. Well, so she has a homeowner policy, correct? She has two homeowner policies. Correct. She lives at one house. She doesn't live at the Peabody house. Correct. But you're saying, nevertheless, the Peabody house is her household? Correct. I'm saying that. And so that would be true any time you have a homeowner policy. No. Why not? Why is it different in this case? The fact that she has the Westgate policy, which we're only analyzing under a shelf of 1640. Well, she doesn't live at Peabody, so I don't think we even have to worry about Westgate, right? She might live in an apartment somewhere. We're referencing Westgate, Your Honor, because you look to the objective intent of the insured when you're determining if it's an ambiguity. And why would she buy liability coverage at Peabody if it's only covering her when she already has that at Westgate? Why would she buy personal property coverage at Peabody when she already has it for herself? I guess that's Excuse me. It's to insure her household, her home, and she bought ten times the coverage. Excuse me? I don't see why that makes a difference, because you have to say she's living someplace else and that house is her household that she's not living at, and why doesn't that apply in every case? Because the Because it's not her house. Insurance policy is very clear. It has to be a member of your household. So that would have to mean that you can live wherever you want, but if you get homeowner's insurance policy, people living there are in your household. Because the facts aren't always like this case, where she's insuring her son. Would a tenant Would they have meals together. He lived with her before. Would a tenant be in her household? So in other words, she rented that house out. Why not?  In this case, she bought ten times. In Colhais, the mom bought less insurance. She just got rental profits lost for herself, didn't buy personal property. Here, Erlinda, I thought she bought ten times what she had. Counsel, can you finish that thought then? So what's she buying? She's buying something to protect her investment in Peabody? No. She's buying something to protect her household at Peabody, her son, everything there, his personal property. So you're saying if you live somewhere else, but you have a homeowner's insurance on a separate house that you don't live, but if a relative of yours lives there, then it's your household. That seems contrary to Jacobs, right? Not, no, Your Honor, not. The reason this is contrary to Jacobs is because there was no ambiguity in Jacobs, because in Jacobs it was clear we're talking about the insured premises and the homeowner is insured. So going back to the first question, the ambiguity here is, what is the ambiguity? Ambiguity here is the term. Resident of your household in this context, in this case, in this policy, as St. Paul requires us to analyze, is ambiguous. Why? Because the definition of insured premises, Peabody, in the policy is residence premises. So when you're analyzing who's a resident of what household under the insured language, resident of the household, of course you need to be looking at Peabody. And it's ambiguous because it's an absurdity that the insured premises, nobody is insured there. So when you say absurdity, are you saying that it would be illusory coverage? There would be covering nothing? It is illusory coverage, but, well, unless the place burns down potentially there might be coverage, but it's an absurdity in terms of the expectations reasonably of the insured that there's no household at the insured house and that the homeowner is not insured. And it's clear that her intent was to protect her household at Peabody, which was the son. She thought there was going to be 10 times the liability there at her own place. She got a million dollars, and it turned out she was right. There was 10 times the liability because of the underlying case that we had. Do you want to reserve your remaining time? Yes, please. Thank you. Good morning, Your Honors. Michael Barnes of Denton's on behalf of Pelley Allstate Insurance Company. As framed by the briefs, the issue is very simple. The court has been discussing the issue of residency and household this morning. I won't belabor the point. We are not riding on a clean slate here. The law in California has been clear in terms of what a household is for 68 years since the Island case was decided. Is there any case, I just want you to answer the same question that I put to opposing counsel, has California ever had a fact pattern like this where the person whose name is on the title and lives there is not insured on a homeowner's policy? Your Honor, the closest case I could think of is the Bonaparte case, which is not a liability case, it's a first party case. I couldn't find one either. Right. Okay. And just to flesh out that thought a little bit more, the facts of this case would suggest that perhaps the Peabody property was consistent with being a rental property. We know it was a duplex and- But she didn't buy rental coverage, she bought homeowner's coverage. Correct, correct. And she owned it. Was there any evidence anywhere in the record that her son was renting from her? No. Richard was a co-owner, right? He was one of many people on title, correct. Your brief argues that even if, you argue strenuously he's not insured, but you argue that even if he is, then there's a different problem because the policy excludes criminal conduct by a named insured. Correct. Can you respond to opposing counsel's argument? He says that Andrew didn't live there. He did argue that. That is what the depositions in this case showed, but to your own question, Your Honor, that would prove too much because we know that the policy excludes the intentional acts of any insured under an unbroken line of authority. If anyone commits an intentional or And on the facts of this case, the appellant's argument seems to be that there's some sort of large metaphysical community of the Epoch Pira family that spans two residences, that's essentially their theory. And if that were true, Andrew would have to be a member of that household, whether he lived with his father or his grandmother, the effect is the same. Thank you. As I was indicating, we are not writing on a clean slate here. The term resident of household has been defined repeatedly in cases from the California Supreme Court, from the Court of Appeal, from this court, and from district courts in the Ninth Circuit. And we know that at a very minimum, to be members of the same household, people have to live together. So opposing counsel says that Mrs. Epoch had, that that was her household at Peabody. And if that wasn't her household, then the coverage is illusory. Can you, could you address that? Is that true? That is not true, Your Honor. The Peabody property was not her household, it was a house in which she had an ownership interest. We know that a household is not an address, it's not a structure, it is a community of people that live together. The coverage is not illusory in a couple of respects. First of all, the structure was insured, as well as contents of that building that belonged to her. Furthermore, as- So would it just be, sorry to interrupt, but would it just be the liability provision that's illusory? What is she getting there? The liability coverage would not be illusory, Your Honor, because it provides liability coverage for Ms. Epoch as an owner of that property. So it's protecting her, if you could just pause there for a minute, it would be protecting her. She wants, let's say, she's an owner, co-owner, I think that's undisputed. She wants to protect that other house where she doesn't live, meaning protect her investment in it. Not only her investment, Your Honor, but her liability. She is an owner of the property. If somebody slipped and fell on the property- A Peabody? Or is that what you're saying? If somebody slipped and fell at Peabody, you think that she's an insured because her name's on the policy, even though she doesn't live there, so she'd have that covered? Absolutely, absolutely. And I believe that this court's opinion in the Kohlhaus case did address that point. We know from the briefing and from the summary judgment argument below, as well as from the arguments today, that there is no question about where Richard lived. Counsel has vehemently argued that Richard was not a resident of the Westgate home. And on pages 52 through 56 of the record, which are the transcript from the summary judgment argument, Mr. Vannucci said he wanted to make a, quote, huge effort, end quote, to clarify that we're only talking about the Peabody policy where Richard lived by himself. And he was the only person that lived there and was a co-owner. In the appellate record at page 120 as well, we see that in the counterclaim, Mr. Yen alleges affirmatively that Richard lived at the Peabody property. And so, appellant himself invited the district court to make a ruling based on the supposition that Richard lived alone in the Peabody property. So the facts aren't disputed. Appellant's arguments on the meaning of household, I would say, are a little bit odd in the sense that they are untethered to any legal authority. And they're contrary to all existing authority of which we know. Appellant argues that the word household is ambiguous. And we know that it's not. As I've mentioned, this court, the Court of Appeal of California, and many district courts have repeatedly held that household has a specific meaning. It may be difficult to apply in difficult circumstances of cases where, for example, you have people that only live in a residence part-time, maybe in the case of children of divorced parents. But as has been indicated before here this morning, the Jacobs case specifically held that the term is unambiguous. And in fact, in California Casualty versus Frerichs, the California Court of Appeal actually reversed the trial court's ruling in favor of coverage, finding that it was erroneous to find the word resident of household ambiguous that was reversible error by the trial court. What about opposing counsel's argument that California law also says you have to look at these terms in the context of how the case is unfolding? And you've already conceded, we don't have case law really involving a homeowner who's on the title and who lives there. What about that? One must look at, one always looks at any policy term in the context of the surrounding facts, that's certainly true. In the context of the surrounding facts in this case, there is simply no argument that Richard was a resident of his mother's household. We have looked carefully, obviously appellant looked carefully, and this court has looked carefully. I'm confident for any case in California history, finding that two people were residents of the same household when they didn't live together, every single case addressing the concept of residency says at a minimum, two people must live together in the same household or within the same curtilage, the area around the household, to be household members. And even in the cases that appellant has relied upon so heavily, principally the Boisaran case, in that case, the court held that James, the minor in that case, was a household member, quote, at least when he was actually living with his father. So in that sense, although we may not have a case exactly like this one, we have cases that are awfully close. Yes, but here, the argument has to be that household means the household living in the insured premises. I understand the argument, I understand the question, Your Honor, and that certainly has been appellant's argument throughout this matter. The problem is, it's simply contrary to the law. I mean, we're here to interpret a policy. The policy talks about covering a resident of your household. Yeah, so it's really not just the word household, it's the phrase your household that we have to rely on here. It is, Your Honor. It's different from what the California laws dealt with. True enough, it's also worth pointing out that it's not even clear that on the facts of this case, and maybe I shouldn't go there, but even if Richard and Erlinda had lived under the same roof in a duplex, it's not even clear they would be residents of the same household. Because we have the Jacobs case in which relatives lived in the same building, and the court looked further into that and said, well, just because you live in the same building doesn't make you residents of the same household. You have to function as a family unit. Do you share meals together? Do you have interlocking finances? This sort of thing. And in Jacobs, the court looked to a Missouri case, a Louisiana case, and held, well, these were cases where relatives lived in the same building, and they weren't even members of the same household. If you live in the same building and have separate lives, you are not residents of the same household. There's lots of case law like that. Case law talking about I own the home, and the question is, since my child goes back and forth between me and my divorced spouse, he's a resident of my household. My adult child lives there, but I don't, but I'm on the title, and she's not. There's a lot of that kind of case law. There is. But I just, I come back to, those folks weren't on the title, and Richard was. I understand your question, Your Honor, and it's an interesting question. With all due respect, I'm not sure it's a question we need to answer today, because we're here to interpret the policy. And I think the, where I see the direction of these questions going is, was this the right policy for this? Well, I don't think so, Mr. Counsel. I mean, in fairness, we have to look at this from both sides. That's what I'm trying to do. And I think Judge Schroeder's right. It's not really the word household so much that bothers me. It's that, you know, your household. Who's the you? And it certainly seems to be an odd result if the you, on a homeowner's policy, doesn't include the two homeowners. Well, I think what that issue really entails is, was there some problem with the underwriting, the issuance, the purchase of this policy, in that perhaps Richard should have been listed as a named insured on the policy? I think that's the thrust of the court's questioning. And the briefing doesn't touch on that at all. The briefing doesn't touch on it. It's never been an issue. This happened in 2005. We fully litigated this matter. There's never been an allegation that Richard should have been on the policy, should have been listed, that there was ever a request for Richard to be on the policy. If there is, I can't find it in the record. No, no, there's not. There was no discovery to that effect. It's never been an issue. If Richard had wanted to bring a case within the statutory period, arguing that his mother's Allstate agent acted negligently and not adding him to the policy, that would have been a different case, and we'd be having a different argument here today. I see that my time is dwindling down. I think I've addressed the main issues that I came here to get across. If the court has any other questions, I would be happy to answer them. Otherwise, I think I've made my points. Thank you. Thank you very much. We have a minute for rebuttal. Thank you. Just briefly, well, necessarily briefly. The phrase when my esteemed colleague here said that Richard should have been named on the policy, and it might have been an underwriting error, illuminates what this case is really about. And that's true. Maybe Richard should have, and it is an underwriting error. That shows the intent of the parties to this contract. And the true intent of the parties to this contract was to insure Richard at that house. And now Allstate's going to say, suggest, well, we made a mistake in our underwriting, and so it should be held against Richard Pirra, and there should be no coverage. Orlinda Epek clearly intended to insure this household at Peabody and her son. And when they talk about personal property there, she had no personal property there. It was all Richard Pirra's property. I just refer you to page 590 of Jacobs, where when it says household is unambiguous, that's in that case. And at 590, the Jacobs court says, there are cases that have held that household in itself has no meaning. And it cites five cases, one of which is the only California Supreme Court case referenced, which is Island. And then it goes on to say in this context, it's not ambiguous, but it can't be excised, and ambiguity has to be taken into context. Thank you. Thank you. Okay, the case of Allstate Insurance Company versus Alexander Yin is submitted.
judges: Schroeder, Ikuta, Christen